UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FRANTZON SILIN,<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ et al.,<br><br>Respondents. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Civil Action No. 26-cv-13699-WGY |

**ORDER**

BURROUGHS, D.J.[1]

Before the Court is Petitioner Frantzon Silin's petition for writ of habeas corpus. [ECF No. 1]. Respondents submit that, "based on the First Circuit's decision in Guerrero Orellana v. Moniz, No. 25-2152, 2026 WL 2352042, at *1 (1st Cir. Aug. 13, 2026), and [Judge Young's] prior decision in Mishqui Agualsaca v. Hyde, et. al, No. 1:26-cv-10925-WGY (D. Mass. Feb. 26, 2026), this Court likely will conclude the basis for Petitioner's detention is under 8 U.S.C. § 1226(a) and that Petitioner is entitled to a bond hearing." [ECF No. 6 at 1]. On the facts of this case, and in light of Respondents' abbreviated filing, the Court does not find reason to deviate from the findings in Guerrero Orellana. Petitioner is subject to 8 U.S.C. § 1226's discretionary detention framework and, accordingly, entitled to a bond hearing. He has not received such a hearing, so his detention is unlawful.

Petitioner's petition, [ECF No. 1], is **GRANTED**. Respondents are **ORDERED** to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within 10 days of this order. In

[1] The Court issues this order in its capacity as the on-duty emergency session.

that bond hearing, the immigration judge must expressly state the following findings on the record[2]:

(1) whether the government has "prove[d] by clear and convincing evidence that [Petitioner] poses a danger to the community or . . . by a preponderance of the evidence that [he or] she poses a flight risk"; and
(2) if the government has carried its burden:
   (a) the particular evidence by which the government carried its burden;
   (b) how the immigration judge "considered . . . [and] weighed . . . the information [Petitioner] provided" in relation to the government's evidence;
   (c) the chain of reasoning connecting the evidence to the finding of dangerousness or flight risk; and
   (d) the reasons why less-restrictive alternatives to detention, such as GPS monitoring, would be ineffective to mitigate any risk.

Respondents are **ENJOINED** from denying Petitioner bond on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2). Respondents are **ORDERED** to file a status report within 14 days of this order stating whether Petitioner has been granted bond, and, if his request for bond was denied, the reasons for that denial.

The clerk is directed to enter judgment in favor of Petitioner. Petitioner, whose petition requested an award of fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, [ECF No. 1 at 7], is reminded that, under the EAJA, any application for fees is due within 30 days from final judgment within the meaning of 28 U.S.C. § 2412(d)(2)(G), 28 U.S.C. § 2412(d)(1)(B).

**SO ORDERED.**

August 19, 2026

*/s/ Allison D. Burroughs*
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE

---

[2] Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021); Atariguana-Buele v. Warden, Plymouth Corr. Facility, No. 26-cv-12168, 2026 WL 1825934, at *2 (D. Mass. June 25, 2026) (discussing need for immigration judge to thoroughly engage with the record); see Costa v. McDonald, No. 25-cv-13469, 2026 WL 371198, at *2 (D. Mass. Feb. 10, 2026) (collecting cases).